UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN BERRY,

    Plaintiff,

v.

UCSF,

    Defendant.
_____/

No. C-09-0499 EMC

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**(Docket No. 26)**

Plaintiff John Berry has filed suit against Defendant the Regents of the University of California, asserting a claim for employment discrimination. At the time that he filed his original complaint, Mr. Berry was proceeding pro se. Now, Mr. Berry is represented by attorneys from the Volunteer Legal Services Project, and he seeks leave to file an amended complaint. Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** Mr. Berry's motion.

## I. FACTUAL & PROCEDURAL BACKGROUND

In his original complaint, which he filed as a pro se litigant, Mr. Berry alleged a claim for employment discrimination on the basis of his age. Mr. Berry sued only the employer UCSF. Mr. Berry, now represented by counsel, seeks to amend his complaint so as to (1) clarify that the age discrimination claim against the Regents is predicated on the ADEA and not Title VII; (2) add a state law claim against the Regents for age discrimination; and (3) add a claim for age discrimination under the ADEA against certain individuals who worked at UCSF (sued in their individual capacities).

## II. **DISCUSSION**

At the time that Mr. Berry filed his motion for leave to amend, Federal Rule of Civil Procedure 15(a) provided that a plaintiff has the right to amend once as a matter of course before the defendant files an answer. Once an answer is filed, then the plaintiff must either obtain the defendant's consent to amend the complaint or obtain leave of the court to amend. *See* Fed. R. Civ. P. 15(a) (2007). In the instant case, the Regents have answered Mr. Berry's original complaint, and they have not consented to the filing of Mr. Berry's proposed amended complaint. Therefore, permission of the Court is required for Mr. Berry to amend.

A court shall freely give leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a). "'Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'" *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007). Futility alone can justify a court's refusal to grant leave to amend. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). In the instant case, the Regents argue that Mr. Berry's motion to amend should be denied based on futility and prejudice.

The Regents' argument of futility has merit. In assessing futility, a court typically applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6). *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *see also Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (stating that "[a]n amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)"); *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (stating that "[t]he opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted," which is "the same standard of legal sufficiency that applies under Rule 12(b)(6)") (internal quotation marks omitted).

Here, Mr. Berry's proposed ADEA claim against the Regents could not withstand a motion to dismiss because the Supreme Court has clearly held that states have Eleventh Amendment immunity from ADEA claims. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 66 (2000) (holding that "the ADEA does contain a clear statement of Congress' intent to abrogate the States' immunity" but that "abrogation exceeded Congress' authority under § 5 of the Fourteenth Amendment"); *see*

*also Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1060 (9th Cir. 2009) (noting that, under *Kimel*, the Eleventh Amendment bars ADEA claims against state actors). Likewise, Mr. Berry's proposed ADEA claim against the individual defendants is problematic because the Ninth Circuit has held that an only an employer, and not employees of an employer, can be held liable for a violation of the ADEA. *See Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993).

In his papers, Mr. Berry does not dispute that the above authority exists and is a significant obstacle. However, Mr. Berry argues that the Court should not find futility here for two reasons. First, for the claim against the Regents, sovereign immunity may be waived. Although the Regents have indicated that they will assert sovereign immunity, until an ADEA claim is actually pled, the Regents cannot assert the immunity. *See Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (stating that, "[i]n the absence of a waiver by the state or a valid congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court"). Second, for the claim against the individual defendants, the holding in *Miller* may need to revisited now that the Supreme Court has held that states have Eleventh Amendment immunity against ADEA claims. *See* Reply at 8 (noting that "[t]he *Miller* majority read the ADEA to deny individual liability in the pre-*Kimel* context when state entities could still be sued as employers under the statute").

Mr. Berry's first argument has some persuasive force, but it elevates form over substance, particularly since the Regents raised Eleventh Amendment immunity in their answer to the original complaint (*see* Docket No. 7 (ninth affirmative defense)) and has made clear they will assert Eleventh Amendment immunity to the ADEA claim if that claim were asserted.

As for the second argument, the Court is not unsympathetic. As Mr. Berry points out, *Miller* has been subjected to much criticism. *See, e.g.*, *Ostrach v. Regents of the Univ. of Cal.*, 957 F. Supp. 196, 198-99 (E.D. Cal. 1997). Furthermore, as Mr. Berry notes, in *Miller*, the Ninth Circuit concluded that there should be no individual liability in part because an employer could still be sued. *See Miller*, 991 F.2d at 588 (noting that "[n]o employer will allow supervisory or other personnel to violate Title VII when the employer is liable for the Title VII violation"). The Supreme Court

holding that states cannot be sued as employers under the ADEA changes that assumption. This leaves individuals like Mr. Berry without any remedy.

Nevertheless, the Court is bound by Ninth Circuit precedent and therefore it must conclude that the ADEA claim against the individual defendants is futile. In so holding, the Court notes that *Kimel* was decided in 2000 but, in the past nine years, the Ninth Circuit has chosen not to revisit its holding in *Miller*.

Without the ADEA claims against the Regents and the individual defendants, Mr. Berry's proposed amendment is reduced to a state law claim for age discrimination against the Regents, and Mr. Berry agrees with the Regents that, if the Court finds the ADEA claims futile, then it should decline supplemental jurisdiction over the state law claim.

### III. CONCLUSION

Accordingly, the Court denies Mr. Berry's motion for leave to amend.

This order disposes of Docket No. 26.

IT IS SO ORDERED.

Dated: December 17, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge